UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-201-H

MARK L. KERMAN TRUST, et al.                                          PLAINTIFFS

V.

ADVEST BANK & TRUST COMPANY, et al                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Mark Kerman and Mark Kerman Trust (collectively referred to as "Plaintiffs"), filed suit alleging breach of fiduciary duty against Defendants, Advest Bank & Trust Company ("Advest"), Manufacturers Life Insurance Company ("Manufacturers Life"), John Hancock Life Insurance Company ("John Hancock"), Frontier Trust Company, FSB ("Frontier"), AXA Financial, Inc. ("AXA"), Merrill Lynch Trust Company, FSB ("Merrill Lynch"), and Crump Group, Inc. ("Crump")(collectively referred to as "Defendants"). Plaintiffs initially characterized their claims as state law causes of action. However, Defendants removed to federal court based upon ERISA and Defendants then moved to dismiss Plaintiffs' state law claims on the grounds of ERISA preemption. Then Plaintiffs moved to file a Second Amended Complaint to include causes of action under ERISA. However, the amended complaint appears to contain suggestions of state law claims.

I.

Plaintiffs' amended complaint states as follows. On December 20, 1993, Kenmark Optical, Inc. Profit Sharing Plan ("the Plan") purchased a Second to Die Life Insurance policy ("the Policy") on the lives of Edwin and Florence Kerman from Manufacturers Life, now John

Hancock, with a death benefit of Six Hundred and Twenty-Five Thousand Dollars ($625,000). On September 1, 1996, Advest become the trustee of the Plan agreeing to discharge all duties, obligations and responsibilities imposed by the Plan, including paying the annual premiums of the Policy. On or about December 2, 1998 Plaintiffs purchased the Policy from the Plan. Change of Trustee forms were sent to Advest, but were never executed. Advest continued to receive notices of premiums due, but did not pay the premiums or forward the notices on to Plaintiffs. On April 30, 2003 Manufacturers Life notified Advest that the Policy was terminated for non-payment of premiums. Advest did not notify Plaintiffs of the termination, and Plaintiffs did not learn of it until September 20, 2005. Florence Kerman died on November 2, 2004, and Edwin Kerman passed away on May 16, 2007. John Hancock claimed the policy lapsed in April 2003, when it was canceled for failure to pay premiums, and that it had no obligation to pay out the benefit.

## II.

Rule 15(a) of the Federal Rules of Civil Procedure governs Plaintiffs' motion to amend their complaint before trial. It states, "... a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave should be given "when justice so requires." *Id.* In the instant case, no discovery has been taken, and the factual underpinnings of the state law claim and the ERISA claim are substantially similar. Allowing Plaintiffs to amend their complaint will impose no undue hardship on Defendants by nullifying any discovery or requiring Defendants to try issues about which they had no notice. Furthermore, defendants AXA and Merrill Lynch have expressly stated that they do not oppose Plaintiffs' filing their Second Amended Complaint. The Court will grant Plaintiffs leave to file

their Second Amended Complaint.

As to Defendants motion to dismiss, ERISA's preemption provision states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan... ." 29 U.S.C. § 1144(a). ERISA governs the employee benefit plan here. 29 U.S.C. § 1002(2). Plaintiffs claim that Defendants violated their fiduciary duties contained in Ky. Rev. Stat. 304.15-110, which deprived Plaintiffs of certain plan benefits. ERISA, however, already regulates a fiduciary's conduct in relation to an ERISA plan and the remedy for breaches of such duty. *See* 29 U.S.C. §§ 1104, 1132(a)(3). ERISA preempts state law claims arising out of a breach of fiduciary duties. *Perry v. P\*I\*E Nationwide, Inc.*, 873 F.2d 157, 161 (6th Cir. 1989). Thus Plaintiffs' state law claims are preempted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion to file their Second Amended Complaint is SUSTAINED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss Plaintiffs' state law claims is SUSTAINED, only to the extent that Plaintiffs' Second Amended Complaint contains any state law claims.

This is NOT a final order.

cc: Counsel of Record